UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,

       Plaintiff,

   v.

Samuel Gomez-Roman,

       Defendant.

**MEMORANDUM OPINION AND ORDER**
Criminal No. 17-165(2) ADM

Samuel Gomez-Roman, pro se.

## I. INTRODUCTION

This matter is before the undersigned United States District Judge for a ruling on Defendant Samuel Gomez-Roman's ("Gomez-Roman") Motion for Sentence Reduction under 18 U.S.C. § 3582(c)(1)(A) [Docket No. 353]. For the reasons set forth below, the Motion is denied.

## II. BACKGROUND

On March 6, 2018, Gomez-Roman entered a plea of guilty to Possession With Intent to Distribute Methamphetamine and Heroin, in violation of 18 U.S.C. § 2 and 21 U.S.C. §§ 841(a)(1) and (b)(1)(A). Min. Entry [Docket No. 184]; Plea Agreement [Docket No. 186]. On June 12, 2017, Gomez-Roman and a co-defendant transported approximately 25 pounds of methamphetamine and approximately 6 kilograms of heroin to Minnesota. Plea Agreement ¶ 2.

On March 19, 2019, the Court sentenced Gomez-Roman to a term of 144 months. Min. Entry [Docket No. 345]; Sentencing J. [Docket No. 346]. The sentence was a substantial downward variance from the sentencing guidelines range of 235 to 293 months. Stmt. Reasons [Docket No. 347] at 1-2, 4.

Gomez-Roman is currently incarcerated at USP Atwater in California and has completed less than half of his sentence. His projected release date is October 14, 2027. See Federal Bureau of Prisons Inmate Locator, https://www.bop.gov/ (last visited Oct. 27, 2022).

Gomez-Roman moves for compassionate release under 18 U.S.C. § 3582(c)(1)(A). He argues that the parental rights of his six-year-old daughter's mother have been terminated and that he is the child's "only available parent." Mot. at 5. Gomez-Roman states that his daughter is currently living in Mexico with her grandparents, and that he is concerned for her safety due to the "violence and the kidnapping that are plaguing that nation." Id.

### III.  DISCUSSION

Generally, a "court may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). One of the few exceptions to this general rule is the compassionate release provision of 18 U.S.C. § 3582(c)(1)(A). Under this provision, a court may reduce a term of imprisonment if, "after considering the factors set forth in section 3553(a)," the court finds that "extraordinary and compelling reasons" warrant a sentence reduction, "and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A).

The Sentencing Commission's policy statement addressing sentence reductions under §3582(c)(1)(A) is set forth in § 1B1.13 of the Sentencing Guidelines. The commentary to § 1B1.13 provides four categories of "extraordinary and compelling reasons" for a sentence reduction---the defendant's medical condition, age, family circumstances, or "other reasons" determined by the BOP Director to be extraordinary and compelling. U.S.S.G. § 1B1.13 cmt. n.1(A)-(D). Section 1B1.13 also requires the Court to determine that "[t]he defendant is not a danger to the safety of any other person or to the community" before a sentence reduction may

be granted under § 3582(c)(1)(A).  U.S.S.G. § 1B1.13(2).  The policy statement and its commentary are "relevant but not binding" on the Court's determination of whether extraordinary and compelling reasons exist that would warrant a sentence reduction.  United States v. Marcussen, 15 F.4th 855, 859 (8th Cir. 2021).

A defendant may not bring a motion for compassionate release until after the defendant has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier."  18 U.S.C. § 3582(c)(1)(A).  Gomez-Roman has satisfied the exhaustion requirement because he filed a request for release with the warden of his facility based on his family circumstances and the request was denied.  See generally Def.'s Ex. [Docket No. 353, Attach. 1].  His Motion is therefore ripe for review.

Gomez-Roman argues that his family circumstances qualify as extraordinary and compelling under § 1B1.13 because his daughter's mother has lost custody of their child and he is her only remaining parent.  Gomez-Roman has provided no documentation showing that the parental rights of his daughter's mother have been terminated.  Even if he could produce such documentation, Gomez-Roman's family circumstances do not justify his release.  Gomez-Roman has been incarcerated for most of his daughter's life, and she is now being cared for by her grandparents in Mexico.  Gomez-Roman's generalized and speculative concerns about his daughter's safety in that country do not warrant a sentence reduction.

The sentencing factors in 18 U.S.C. § 3553(a) also weigh against Gomez-Roman's release.  These factors include "the nature and circumstances of the offense" and "the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law . . .

to provide just punishment for the offense . . . to afford adequate deterrence to criminal conduct," and "to protect the public from further crimes of the defendant." 18 U.S.C. § 3553(a).

Gomez-Roman was convicted of a serious drug trafficking offense involving enormous quantities of harmful drugs that he transported to Minnesota. His 144-month sentence was a substantial downward variance from the sentencing guideline range of 235 to 293 months. Releasing Gomez-Roman after he has served less than half his sentence would not reflect the seriousness of his conduct, promote respect for the law, or adequately deter criminal conduct. Accordingly, a sentence reduction is not warranted.

## IV.  CONCLUSION

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Defendant Samuel Gomez-Roman's Motion for Sentence Reduction under 18 U.S.C. § 3582(c)(1)(A) [Docket No. 353].is **DENIED**.

BY THE COURT:

Dated: October 27, 2022

s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT COURT